

**FILED**
**JAN 28 2010**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR. 09-40029-10 |
| Plaintiff, | \* | |
| vs. | \* | **ORDER** |
| LAURA WELCH, | \* | |
| Defendant. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending are Defendant Laura Welch's Motion for Disclosure of Witness Inducements (Doc. 336), Motion for Disclosure of Impeaching Information (Doc. 337), Motion for Disclosure of Identity of Confidential Informants (Doc. 338), Motion for Bill of Particulars (Doc. 339), and Motion to Compel or Dismiss (Doc. 532). The government has responded to each motion.

**Motion for Disclosure of Witness Inducements (Doc. 336)**

The defendant has moved the court for an order requiring the United States to disclose any agreement entered into between the government and any government witness that could influence said witness' testimony. The United States, in response to the motion, has indicated that it will disclose information as obligated under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and will provide defendant copies of any plea agreements and any promises or inducements offered to the government's trial witnesses no later than the Friday before trial. Accordingly, it is hereby

ORDERED that the defendant's motion for disclosure of witness inducements is GRANTED IN PART, and the United States shall provide the information as required under Brady and Giglio and their progeny to defendant no later than two weeks prior to trial. The government shall provide defendants copies of any plea agreements and any promises or inducements offered to the government's trial witnesses no later than the Friday before trial. The balance of Defendant's motion is DENIED.

## Motion for Disclosure of Impeaching Information (Doc. 337)

Defendant has moved the court for the disclosure of impeaching materials. The United States has agreed, as it must, to comply with the requirements of Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) as to any person called as a witness in this case. The United States noted, however, it is not required to provide the defense with the criminal records of all its potential witnesses but has agreed to provide the defense with the criminal records of its testifying witnesses that are properly used for impeachment purposes under the provisions of Rule 609 of the Federal Rules of Evidence. Accordingly, it is hereby

ORDERED that the Government shall, regarding testifying witnesses, disclose impeaching and exculpatory materials as required by Giglio and Brady, subject to the limitations of F.R.Evid. 609. These disclosures shall be made no later than two weeks prior to trial. The remainder of Defendant's motion is DENIED.

## Motion for Disclosure of Identity of Confidential Informants (Doc. 338)

Defendant seeks for the government to disclose the identity of any confidential informants alleging disclosure of the identity and full background of the confidential informants is vital to a fair trial. The United States objected to the request.

Before a defendant may obtain the identity of a confidential informant, the defendant must demonstrate that such disclosure is "vital to a fair trial." United States v. Curtis, 965 F.2d 610, 614 (8th Cir. 1992). Such a showing must be sufficient to demonstrate that the need for disclosure outweighs the government's privilege to withhold the identity of its confidential informants. United States v. Harrington, 951 F.2d 876, 877 (8th Cir. 1991). The defendant has failed to make a sufficient showing to overcome the government's privilege to withhold the identity of its confidential informants.

Because the defendant has failed to carry the burden of proof, Defendant's request for the government to disclose the identity and criminal records of confidential informants is GRANTED, IN PART, only as it pertains to witnesses who will testify at trial. Pursuant to Brady v. Maryland, 373, U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), and to the extent that exculpatory information would include the identity of a confidential informant, the information shall be produced by the government two weeks before trial. If a confidential informant does not have exculpatory information but will testify at trial, the identity of the confidential informant will be disclosed the morning of trial. If a confidential informant has no exculpatory information and will

not testify at trial, then the identity of a confidential informant is not required to be disclosed. The balance of Defendant's motion is DENIED.

### Motion for Bill of Particulars (Doc. 339)

In this criminal case, Defendant is charged in the Second Superseding Indictment with conspiracy to possess and distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant moves for a bill of particulars pursuant to Fed. R. Crim. P. 7(f). That rule states:

> **Rule 7. The Indictment and the Information**
>
> **(f) Bill of Particulars.** The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Defendant Laura Welch requests a bill of particulars to include (1) the names and addresses of any witnesses to the crime; (2) the times and locations of the alleged crime; (3) names of confidential informants and sources of information; (4) details of the conspiracy including when, where, what acts and the persons involved; and (5) each specific quantity of methamphetamine attributable to L. Welch.

In his brief defense counsel for Laura Welch asserts the government has not produced any evidence against L. Welch aside from the information about deposits into her bank account and that the government has made a blanket accusation of conspiracy so as to try to link together a number of defendants in the hope of securing a mass conviction.

The government objects to the motion and notes the Second Superseding Indictment sets forth a complete description of the crime charged against defendant and states when and where the defendant committed the offense. Further, the government represented it has provided defendant with extensive discovery which will inform defendant of the specific details of the crime alleged in the indictment.

The Second Superseding Indictment is a single count drug conspiracy charge and alleges:

> From on or about 2003, and continuing through the date of this Indictment, in the District of South Dakota and elsewhere, FIDEL VILLANUEVA-GODINEZ, a/k/a Fidel Villanueva, a/k/a Fidel Godinez, a/k/a "Pelon"; EVA LIZETTE VILLANUEVA, a/k/a Eva Gallegos; DAVID BARAJAS, a/k/a "Davie," a/k/a "Danny"; MARIA GUADALUPE ROJAS; KERRI WELCH; LAURA WELCH;

MARIO IVAN RODRIGUEZ, a/k/a "Michigan," a/k/a "Taliban," a/k/a "Ivan"; JESUS SALOME ECHAVARIA-PINEDA, a/k/a "Chungo," a/k/a "Chunco"; JOSE GARCIA, a/k/a "Maya," a/k/a "Moya"; JESUS GARCIA, a/k/a "Chuy"; SERGIO MUNOZ, a/k/a Santiago Alvarez; KENNETH CARY CLARK, a/k/a Kenny Clark; JOSE ENRIQUE BURGOS-VALDEZ, a/k/a Jose Enrique Burgos, a/k/a "Feriche," a/k/a "Arturo"; MICHELLE MUNOZ; JESUS FABEL DIAZ-PELLEGAUD, a/k/a "Fael," a/k/a "Fabel"; MANUEL RAMIREZ, a/k/a Alfredo Felix Pellegaud, a/k/a "Pachin"; EMANUEL ROLON-COLON, a/k/a "Manny"; and SIMON BEREKAT did knowingly and intentionally combine, conspire, confederate, and agree together, with others known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute, 500 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Under Rule 7(f) of the Federal Rules of Criminal Procedure, it is within the sound discretion of the court to determine whether a bill of particulars should be provided, and the Court should grant the motion if necessary to prevent unfair surprise at trial. *United States v. Maull*, 806 F.2d 1340, 1345 (8th Cir. 1986). *See also, United States v. Butler*, 822 F.2d 1191, 1193-94 (D.C.Cir.1987). The court must strike a "prudent balance" between the legitimate interest of the government and the defendant. *United States v. MacFarlane*, 759 F.Supp. 1163, 1169 (W.D.Pa.1991). A bill of particulars is not a discovery tool or a device for allowing the defense to preview the Government's theories or evidence. *United States v. Hester*, 917 F.2d 1083, 1084 (8th Cir. 1990). A bill of particulars properly includes clarification of the indictment, not the government's proof of its case. *United States v. Smith*, 341 F.Supp. 687, 690 (N.D.Ga.1972).

Likewise, acquisition of evidentiary detail in the form of the exact times of the acts alleged in the indictment for purposes of establishing an alibi is not the function of a bill of particulars. *United States v. Long*, 449 F.2d 288, 294-95 (8th Cir. 1971). Defendant moves the court for a bill of particulars to provide several specific items of information regarding the charge contained in the Second Superseding Indictment. She seeks specific dates and times of the acts she allegedly committed in furtherance of the conspiracy and the identity of the persons with whom she committed the acts. The "whens wheres and with whoms of acts and participation in the charged conspiracy" is not properly the function of a bill of particulars. *United States v. Jiminez*, 824 F.Supp. 351, 365 (S.D.N.Y. 1993).

Unlike the general federal conspiracy statute, *see* 18 U.S.C. § 371, the conspiracy provision of the Controlled Substances Act does not require an Indictment to recite any overt acts taken in furtherance of the conspiracy. 21 U.S.C. § 846; *see United States v. Covos*, 872 F.2d 805, 810 (8th Cir. 1988); *United States v. Dempsey*, 806 F.2d 766, 769 (7th Cir.1986); *United States v. Sweeney*, 688 F.2d 1131, 1140 (7th Cir.1982). In fact, the Supreme Court has held that proof of "the commission of any overt acts in furtherance of the conspiracy" is not even required for a *conviction* under 21 U.S.C. § 846. *United States v. Shabani,* 513 U.S. 10, 15, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994). Thus, an indictment under 21 U.S.C. § 846 is sufficient if it alleges "a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege any specific act in furtherance of the conspiracy." *United States v. Sweeney*, 688 F.2d at 1140. The Second Superseding Indictment in this case meets these standards and identifies the geographic location, the dates, and the elements of the offense sufficiently to fairly inform defendant of the charge and to enable her to sufficiently describe the conviction to avoid double jeopardy. *See, also, United States v. Hong*, 545 F.Supp.2d 281 (W.D. N.Y. 2008) and *United States v. Johnson*, 225 F.Supp.2d 982 (N.D. Iowa 2002).

The Second Superseding Indictment does not specially allege or quantify the exact amount of controlled substances the government attributes to the Defendant's own actions, the actions of those she aided and abetted, and the reasonably foreseeable actions of others. The information set forth in the Second Superseding Indictment, along with the extensive discovery provided to date, are however, sufficient for the preparation of a defense. *See United States v. Stephenson*, 924 F.2d 753, 762 (8th Cir. 1991). Because the United States has represented to the Court that it has supplied extensive discovery and because the Second Superseding Indictment in this case provides the Defendant with the essence of the charges against her, the Defendant has not shown that a Bill of Particulars is necessary to prevent unfair surprise at trial.

## CONCLUSION AND ORDER

Accordingly, it is hereby

ORDERED that:

1.  Defendant's Motion for Disclosure of Witness Inducements (Doc. 336) is GRANTED IN PART AND DENIED IN PART.

2. Defendant's Motion for Disclosure of Impeaching Information (Doc. 337) is GRANTED IN PART AND DENIED IN PART.
3. Defendant's Motion for Disclosure of Identity of Confidential Informants (Doc. 338) is GRANTED IN PART AND DENIED IN PART.
4. Defendant's Motion for Bill of Particulars (Doc. 339) is DENIED.
5. Defendant's Motion for Joinder in Pretrial Motions filed by Co-Defendant Kerri Welch (Doc. 532) is GRANTED.

Dated this 28 day of January, 2010.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge